**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM LONGNECKER,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED UTILITY POWER<br>SERVICES, LLC, a Successor in Interest to<br>BHI ENERGY I POWER SERVICES, LLC.,<br><br><br>                    Defendant. | )<br>)<br>)<br>)<br>)       No. CIV-24-644-D<br>)<br>)<br>)<br>)<br>) ADA/ADEA/STATE LAW CLAIMS<br>) ARISING IN OKLAHOMA CNTY<br>)     JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and alleges that:

## PARTIES

1.     The Plaintiff is William Longnecker, an adult resident of Guthrie, Logan County, Oklahoma.

2.     The Defendant is United Utility Power Services, LLC, which is a successor in interest to BHI Energy I Power Services, and is a business entity located in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.     This is a cause of action for discrimination based on disability as prohibited by the Americans With Disabilities Act, on age as prohibited by the ADEA, on retaliation for opposing age discrimination, and by the corresponding state laws.  Jurisdiction over the federal claims is vested pursuant to 42 U.S.C. §§ 2000e-5(f)(1) and 12117(a), 29 U.S.C. § 626(c) and 28 U.S.C. § 1331. Plaintiff also asserts a cause of action for violation of COBRA rights. Jurisdiction over this action is provided by 29 U.S.C. §§ § 1132(c)(1), 1161,

et seq.

4.    All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendant may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.    The Plaintiff is a male over age fifty (50) with a disability who was employed by the Defendant from approximately June, 2019, until his wrongful termination on Feb. 23, 2023.  At the time of his termination, the Plaintiff was a General Foreman but was acting as a Locator/Pretripper.

6.    The Defendant is an Oklahoma business which, at all times pertinent, employed twenty (20) or more employees.

7.    Plaintiff is a person with a disability under all three prongs of the ADA in that he suffers from coronary artery disease which impairs the normal functioning of his cardiovascular system and which has required the placement of three stents to allow for the necessary flow of blood.  Plaintiff is also impaired by the loss of cartilage in his knees which significantly impairs his ability to walk in comparison to a normal, unimpaired person.  Plaintiff has been advised that a knee replacement will be required to achieve normal functioning of his legs.  Additionally, Plaintiff has nerve damage in his right leg which causes significant pain and also further impairs Plaintiff's ability to walk and climb in comparison to an unimpaired person.

8.    In January 2023, the Plaintiff was demoted from his position of General Foreman and assigned the job of Pretripper/Locator which involves much less responsibility and a lower pay due to fewer hours of work.

9. On or about February 23, 2023, the Plaintiff was terminated from his position.

10. On information and belief, BHI was sold to United Utility the same month as Plaintiff's termination. United Utility would be a successor in interest to BHI, as United Utility acquired and retained all of BHI's facilities, employees, and business.

11. At all times Plaintiff satisfactorily performed his job duties and was qualified to perform his job of General Foreman as well as the lesser job of Pretripper/Locator.

12. When Plaintiff was terminated from his employment, his job positions continued to exist and were filled by younger employees who had no disabilities.

13. As background demonstrating Defendant's discriminatory motive, starting around the summer of 2022, the Defendant began looking to replace the Plaintiff with a younger, healthier person. Seth Tidwell (age 36, no health issues) was promoted to being a General Foreman in the summer of 2022, by-passing older, more experienced foreman.

14. Plaintiff was assigned to train Mr. Tidwell, and Plaintiff was still engaged in such training at the time of Plaintiff's termination.

15. In January 2023, Defendant took away Plaintiff's General Foreman duties and gave all of those duties to Mr. Tidwell, even though Plaintiff was still training him.

16. Plaintiff was moved to a Pretripper/Locator position which involves much less responsibility and would ultimately have resulted in a substantial pay cut.

17. On or about February 23, 2023, Defendant fired the Plaintiff for the pretextual

reason of "unprofessional conduct." That claimed reason was not true and Defendant violated its own disciplinary policies in the termination.

18.    The real reason for Plaintiff's termination was his age and disabilities.

19.    As the direct result of such actions, Plaintiff suffered lost earnings past, present, and future, and also suffered from emotional distress.

20.    The actions of the Defendant in demoting and firing the Plaintiff were carried out by Defendant's management level employee and were in willful, wanton, or, at the least, reckless disregard of the Plaintiff's federally protected rights.

21.    Under the ADEA claim, the Plaintiff is entitled to recover his lost earnings, receive reasonable front pay, and be awarded liquidated damages.

22.    Under the ADA claim, the Plaintiff is entitled to recover lost earnings, receive reasonable front pay, be awarded compensation for his emotional distress, and be awarded punitive damages.

23.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about May 7, 2023, asserting discrimination based on his age and disability.  The EEOC issued a right to sue letter on or about April 22, 2024, which was received thereafter.

24.    This action is filed within 90 days of the issuance of such right to sue letter. By such actions, Plaintiff exhausted all state and federal administrative requirements for his wrongful termination actions under the ADEA and ADAAA.

25.    Plaintiff is a covered employee under COBRA, and is entitled to continuation of his insurance upon his termination.

26.    Defendant failed to provide Plaintiff with mandatory notice of his COBRA

rights or the opportunity to continue such insurance, and Plaintiff suffered injuries as a result in terms of the loss of insurance coverage.

27.    As the direct result of Defendant's actions, Plaintiff is entitled to a judgment against the Defendant for violation of Plaintiff's COBRA's rights.

## COUNT I

Plaintiff incorporates all prior allegations and further alleges that:

28.    Discrimination based on disability is contrary to the ADAAA.

29.    Plaintiff is entitled to compensation for all of the damages above described, together with reinstatement and/or front pay.

30.    The actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, such that punitive damages should be assessed in a sum equal to or greater than the amount of actual damages awarded.

## COUNT II

Plaintiff incorporates all prior allegations and further alleges that:

31.    Discrimination and retaliation based on age is contrary to the ADEA.

32.    Plaintiff is entitled to compensation for all of the damages above described together with reinstatement and/or front pay.

33.    The actions of the Defendant were intentional, such that liquidated damages should be assessed in a sum equal to Plaintiff's wage loss through the date of trial.

## COUNT III

Plaintiff incorporates all prior allegations and further alleges that:

34.    Defendant is an employer covered by COBRA and Plaintiff was an employee eligible for COBRA benefits upon his termination.

35.     Defendant failed to provide Plaintiff with his required COBRA notice and the opportunity to continue his health insurance benefits.

36.     Plaintiff is entitled to recover all his actual damages together with the penalties authorized by 29 U.S.C.§ 1132(c).

## PRAYER

**WHEREFORE,** Plaintiff prays that he be awarded his actual and punitive and/or liquidated damages, penalties for violation of his COBRA rights, together with costs, pre- and postjudgment interest and attorney's fees, and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 24th DAY OF JUNE, 2024.**

s/Mark Hammons
Hammons, Hurst & Associates
Mark Hammons OBA # 3784
325 Dean A. McGee Ave.
Oklahoma City, OK, 73102
assistant@hammonslaw.com
(405) 235-6100
FAX: (405) 235-6111

JURY TRIAL DEMANDED
**ATTORNEY LIEN CLAIMED**